# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### ABILENE DIVISION

|  |  |  |
|---|---|---|
| **DONALD HAGLE,** | § | |
| **Institutional ID No. 11477647,** | § | |
| **SID No. 3195180,** | § | |
| | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | **1:12-CV-107-BL** |
| **STEPHENS COUNTY JAIL,** | § | **ECF** |
| | § | |
| | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge** |

## REPORT AND RECOMMENDATION

Plaintiff, previously confined to the Stephens County Jail and later confined to the Texas Department of Criminal Justice - Institutional Division ("TDCJ-ID") Baten Unit, is proceeding *pro se* and *in forma pauperis*. Plaintiff filed a complaint under 42 U.S.C. § 1983 on June 14, 2012 (Doc. 1). Plaintiff alleges that he was subjected to medical negligence by Stephens County Jail staff.

On July 12, 2012, the court entered an order requiring Plaintiff to pay his full filing fee (Doc. 5). This order further required Plaintiff to provide the court with prompt notice of any change in address by filing a written notice of such change with the clerk. The order was returned as undeliverable, with a notation indicating "return to sender" and "disch." The order reassigning case entered on July 13, 2012 was similarly returned (Doc. 6).

The court entered an order to show on August 7, 2012 (Doc. 9) requiring Plaintiff to demonstrate good cause why his complaint should not be dismissed and to file a written notice of his current mailing address with the clerk of the court.

Despite being provided a period of fourteen (14) days from entry of the order to show cause, Plaintiff failed to file *any* response showing cause why his complaint should not be dismissed.  In the order to show cause, the court notified Plaintiff that failure to comply would result in a recommendation to the United States district judge that his complaint be dismissed without prejudice.  Plaintiff failed to respond to the order to show cause and failed to file a written notice of change of address with the clerk of the court.

 It appears that Plaintiff has been released from custody or transferred without advising the court of his new address, or failed to provide his correct address, as required by the LR 83.13 and LR 83.14 of the Civil Local Rules of the District Court for the Northern District of Texas, which require that a *pro se* party, like an attorney, must apprise the court of any address change.  Plaintiff has therefore severed contact with the court.  Plaintiff's failure to comply with the court's order or local rules or with FEDERAL RULE OF CIVIL PROCEDURE 41(b), which provides that the court may dismiss an action "[f]or the failure of the plaintiff to prosecute or comply with these rules or any order of the court," demonstrates a manifest lack of interest in litigating his claims.

A district court has the inherent authority to dismiss an action for failure to prosecute, with or without notice to the parties.  *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31(1962)); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir.1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir.1998).

The court finds that Plaintiff has severed contact with the court and has demonstrated a manifest lack of interest in litigating his claims.

**IT IS, THEREFORE, RECOMMENDED** that the United States district judge dismiss this case without prejudice.

**IT IS ORDERED** that the transfer of this case to the United States magistrate judge is terminated, and the case is hereby transferred to the docket of United States District Judge Sam R. Cummings.

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

The clerk shall mail a copy of this order to Plaintiff at his last known address by certified mail, return receipt requested, and to all other counsel of record by first class mail or electronically.

Dated this 30th day of August, 2012.


**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**